# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-352

CHARLES ALBERT AND DENISE ALBERT

VERSUS

FARM BUREAU INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20016118
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**REVERSED.**

Nicholas Gachassin, Jr.
Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598-0369
(337) 235-4576
Counsel for Defendant/Appellee:
Michael W. Neustrom

Randall Leland Kleinman
Hulse & Wanek
1010 Common St., Ste 2800
New Orleans, LA 70112-2401
(504) 524-6221
Counsel for Defendant/Appellee:
Continental Casualty Company

**Larry Lane Roy**
**Preis, Kraft & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
**Carl Broussard**
**Michael W. Neustrom**

**Kenny Layne Oliver**
**Oliver & Way**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendant/Appellee:**
**Carl Broussard**

**Kevin Paul Tauzin**
**Dozier & Tauzin**
**1228 Camelia Blvd., Suite A**
**Lafayette, LA 70508**
**(337) 233-9833**
**Counsel for Plaintiffs/Appellants:**
**Charles Albert**
**Denise Albert**

**George Edward Williams, Jr.**
**Rabalais Law Firm, LLC**
**P.O. Box 54024**
**Lafayette, LA 70505-4024**
**(337) 289-6555**
**Counsel for Defendants/Appellees:**
**Carl Broussard**
**Michael W. Neustrom**

**David Oliver Way**
**Attorney at Law**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendant/Appellee:**
**Carl Broussard**

**Dawn L. Morris Esq.**
**Preis, Kraft & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
**Carl Broussard**
**Michael W. Neustrom**

**Jonathan L. Woods**
**Preis, Kraft & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
**Carl Broussard**
**Michael W. Neustrom**

**SAUNDERS, Judge.**

Plaintiffs appeal the trial court's judgment that the Lafayette Parish Sheriff's Office is not liable for the tortuous conduct of its employee, Deputy Carl Broussard. The trial court held that Deputy Broussard was not acting within the course and scope of his employment when he injured a fellow deputy while practicing a defensive maneuver. We reverse, finding that Deputy Broussard was within the course and scope of his employment, and award damages.

**FACTS**

On June 19, 2001, Charles Albert, a deputy with the Lafayette Parish Sheriff's Office, attended a defensive tactics training course at the St. Antoine Training Facility. Carl Broussard, also a deputy with the Lafayette Parish Sheriff's Office, attended the same training course. Mr. Broussard arrived at approximately 8:15 a.m. while Mr. Albert arrived shortly thereafter. The course was to begin at 8:30 a.m.

Shortly before the instructor arrived and the class began, Deputies Broussard and Albert decided to practice the "common peroneal" maneuver. This defensive tactic allows a deputy to subdue a subject by pressing his knee into the upper thigh of the subject. Deputy Broussard performed the maneuver on Deputy Albert. As a result of this maneuver, Deputy Albert sustained cartilage damage and traumatic chondromalacia. Three surgeries were required to correct the damage done to Deputy Albert's knee.

**PROCEDURAL HISTORY**

Deputy Albert and his wife, Denise, filed suit against Deputy Broussard, in his individual capacity, and Farm Bureau Insurance Company (hereinafter referred to as "Farm Bureau"), Broussard's homeowner's insurer. The Sheriff then filed a Petition for Intervention seeking reimbursement for monies paid to, or on behalf of, Deputy

Albert. Plaintiffs then filed a First Supplemental and Amending Petition, naming, as a defendant, Michael Neustrom, the Sheriff of Lafayette Parish, alleging that he was vicariously liable for Deputy Albert's injuries because deputy Broussard was in the course and scope of his employment at the time of the incident. Continental Casualty Company (hereinafter referred to as "Continental"), issuer of a Law Enforcement Liability Policy to the sheriff, intervened arguing that its policy did not cover the incident.

Both Farm Bureau and Continental filed motions for summary judgment alleging that their respective policies did not provide coverage. Continental argued that, regardless of whether Deputy Broussard was in the course and scope of his employment, its policy did not provide coverage. Continental's motion was granted. Farm Bureau argued that summary judgment was appropriate on the issue of coverage because its policy excluded intentional acts and business pursuits. The trial court denied Farm Bureau's motion and this court granted writs. We concluded that the business pursuits exclusion applied because both Deputies Albert and Broussard were within the course and scope of their employment. The sheriff then sought writs from the supreme court. While the supreme court did deny writs, it stated that the sheriff could litigate the course and scope issue as it related to vicarious liability because that issue was separate from the business pursuits exclusion issue in that course and scope did not have the same meaning in both contexts.

Subsequently, the matter proceeded to a bench trial. The trial court rendered judgment in favor of defendants stating that the sheriff was not vicariously liable for Deputy Broussard's actions because he was not within the course and scope of his employment. Plaintiffs then timely filed this devolutive appeal.

**ASSIGNMENTS OF ERROR**

1) The trial court should have found the Sheriff vicariously liable and/or primarily liable for plaintiff's damages.

2) The trial court should have awarded reasonable damages to plaintiffs.

**STANDARD OF REVIEW**

Whether an employee is acting within the course and scope of his employment is a mixed question of law and fact; therefore, a trial court's determination should be accorded great deference by a reviewing court under the manifest error standard of review insofar as it pertains to whether the conduct complained of was sufficiently employment-related so that it may be imputed to the employer. *Ermert v. Hartford Ins. Co.*, 559 So.2d 467, 478 (La.1990). This determination may be reversed when "the record reflects that a reasonable factual basis does not exist for the finding" and "the record reflects that the finding is clearly wrong." *Brasseaux v. Town of Mamou*, 99-1584 (La. 1/19/00), 752 So.2d 815, 821, citing *Stobart v. State, Through Dept. Of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993). The appellate court's duty, however, extends beyond merely examining the record for some evidence in support of the trial court's finding. *Id*. The entire record must be reviewed to determine "whether it contains sufficient evidence from which a rational trier of fact could conclude that the conduct complained of was employment-related." *Id*.

**ASSIGNMENT OF ERROR NUMBER ONE**

Plaintiffs argue that the trial court erred in not finding the sheriff secondarily or primarily liable for Deputy Broussard's actions. We will first address whether the sheriff is secondarily liable for negligent conduct by Deputy Broussard. Employers are vicariously liable for damages caused by their employees when that damage is caused "in the exercise of the functions in which [the employees] are employed."

La.Civ.Code art. 2320. Simply stated, employers are vicariously liable for their employees' actions when the employees are acting within the course and scope of their employment. The supreme court, in *Lebrane v. Lewis*, 292 So.2d 216 (La.1974), concluded that an employee was acting within the course and scope of his employment when committing a tort based upon four primary considerations. They were:

1. The wrongful act was primarily employment rooted;

2. The violence was reasonably incidental to the performance of the employee's duties;

3. The act occurred on the employer's premises; and

4. It occurred during the hours of employment.

*Id*. These considerations, which have been paraphrased over the years,[1] remain the benchmark for resolving the course and scope issue in cases involving vicarious liability of employers. Accordingly, they will guide our analysis here. As the supreme court did in *Lebrane*, we find that all four factors are satisfied.

First, Deputy Broussard's actions were primarily, if not entirely, employment rooted. Both he and Deputy Albert were required to attend the training session and could have been disciplined had they not done so. Furthermore, the deputies were compensated for their presence. They were on a job assignment practicing a maneuver taught by the department for use while on active duty. Defendant contends the evidence indicates that Deputy Broussard's actions were personally motivated; however, this argument is unsupported in brief and by the record. In fact, the record

---

[1] *See Orgeron v. McDonald*, 93-1353, p.4 (La. 7/5/94), 639 So.2d 224, 226-27 (stating that an employee's conduct is within the course and scope of his employment if it "is the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer[,]" thus combining the temporal and spacial aspects of the *Lebrane* factors).

indicates otherwise. Deputy Broussard testified that he attempted the maneuver on Deputy Albert to make Albert a better deputy. Making Deputy Albert better at performing his duties benefits the Sheriff's department, the public, and Albert and Broussard in their roles as deputies. It does not benefit Deputy Broussard on a personal level. As such, we find that Deputy Broussard's actions were primarily employment rooted.

Second, we consider whether the violence was reasonably incidental to the performance of the employee's duties. As previously noted, Deputy Broussard was at the training session to learn how to perform a tactical maneuver for use while on active duty. Given that learning these maneuvers was the sole purpose for attending the training session, we cannot conclude that Deputy Broussard's actions were not incidental to the performance of his duties. In fact, deputies are taught these maneuvers so that they can better perform their duties.

Defendant cites a litany of cases involving physical altercations and assaults apparently for the proposition that physical conflicts are outside the realm of an employee's duties. All of those cases are distinguishable from the case *sub judice* because there is no horseplay or malicious intent or motive present here. Deputies Albert, Broussard, and Royer, who witnessed the incident, all testified that Deputy Broussard was practicing the maneuver in a professional manner, not engaging in horseplay. Deputy Broussard was practicing a maneuver that he was taught for use in his professional capacity with the hopes of improving a fellow deputy's field performance. Had Deputy Broussard used this maneuver in a fight over something completely unrelated to employment, the jurisprudence cited by defendant would be instructive. Given the facts of this case, however, we distinguish those cases and find

that Deputy Broussard's actions were, at a minimum, incidentally related to the performance of his duties.

Third, we find that the conduct occurred on defendant's premises. The injury occurred inside a training facility rented by the Sheriff's Office specifically for this training session. Defendant does not contest this issue.

Fourth, we examine whether the conduct occurred within the hours of employment. Defendant argues that this conduct did not occur within the hours of Deputy Broussard's employment because it took place a few minutes before the training session began. This argument is unpersuasive. We have already established that Deputy Broussard was required to be there for his job and was compensated for attending. Employees are generally not considered to be within the course and scope of their employment before they reach their employer's premises. *Orgeron v. McDonald*, 93-1353 (La. 7/5/94), 639 So.2d 224. Deputy Broussard, however, had already arrived at his employer's premises and his injury causing conduct was of the same nature as what he was there to learn. Accordingly, we find that Deputy Broussard's conduct occurred during the hours of his employment.

Given our evaluations of the foregoing considerations, we find that the trial court was clearly wrong in finding that Deputy Broussard was not acting within the course and scope of his employment. Because he injured Deputy Albert during the course and scope of his employment, the Sheriff is vicariously liable for his actions. The judgment of the trial court in this regard is reversed. Due to our resolution of this issue, it is unnecessary to discuss any possible primary liability on the Sheriff's part.

**ASSIGNMENT OF ERROR NUMBER TWO**

Plaintiffs contend that reasonable damages should be awarded for the injuries sustained. In light of our finding regarding the vicarious liability of the Sheriff's Office, we agree. Deputy Albert was diagnosed with left knee traumatic chondromalacia and underwent three surgeries, including major reconstructive knee surgery known as the OATS procedure, to correct this problem. Deputy Albert testified that, at the time of the injury, he felt his knee pop and then that it swelled to the size of a volleyball. The first arthroscopic surgery was performed about one month later. At that time, the OATS procedure was recommended because the damage was more extensive than originally anticipated. This open wound procedure involved removal of a plug of bone and cartilage from a healthy portion of the knee. The plug was then placed in the injured area and the procedure resulted in serious bruising and swelling made especially troublesome by the presence of staples required to close the wound. Deputy Albert's leg was then placed in a brace and a blood drain was inserted. Because the swelling persisted, a second arthroscopic surgery was performed which largely eliminated the residual problems with the injured knee. Throughout this ordeal, Deputy Albert spent about six months on crutches during which time he says he felt like a child because his wife had to completely care for him. Testimony adduced at the trial of this matter further indicates that deputy Albert still experiences pain and swelling in the injured knee. It was also stated that problems with the knee persist, especially when the weather changes, and these symptoms commonly occur in people who suffer this injury.

Deputy Albert's past medical expenses total $48,763.32 and past lost wages total $8,908.89. He has returned to work and does not make a claim for future lost

wages but does allege that he continues to experience isolated incidents of discomfort in the surgically repaired knee. Furthermore, his wife claims damages for loss of consortium in the amount of $25,000.00. His wife was pregnant at the time of the injury. She had complications with the pregnancy that eventually led to her being put on bed rest but Deputy Albert could offer little assistance because he was limited by crutches. Accordingly, during his wife's difficult pregnancy, Deputy Albert was unable to aid in putting the trash out, cutting the grass, taking care of the children and cooking because of his limited mobility. The situation was especially trying and difficult because neither she nor her husband could care for themselves or each other in their time of need.

Given the number and nature of the surgical procedures required, the residual pain and discomfort, and the fact that Deputy Albert was able to return to work, we find that an award totaling $150,000.00 for past and future pain, suffering, mental anguish, disability, and loss of enjoyment of life is appropriate. We further award $48,763.32 for past medical expenses and $8,908.89 for past lost wages. Finally, we award $25,000.00 to Deputy Albert's wife for loss of consortium.

**CONCLUSION**

The judgment of the trial court finding that the sheriff was not liable for Deputy Broussard's actions is reversed. Plaintiffs are awarded damages in the amounts listed above. Costs of this appeal are assessed against appellee.

**REVERSED.**